UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAVID MARTINEZ,

Plaintiff,

v.

STATE OF NEVADA,

Defendants.

Case No. 2:18-cv-01180-RFB-GWF

SCREENING ORDER

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1). Plaintiff also has filed a motion to compel the production of documents. (ECF No. 4). The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and denies as moot the motion to compel and the application to proceed *in forma pauperis*.

**I.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*,

///

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    SCREENING OF COMPLAINT**

In the complaint, Plaintiff sues multiple defendants for events that took place while he was incarcerated by the NDOC. (ECF No. 1-1 at 1). He sues the State of Nevada, the Nevada Department of Corrections, the Offender Management Division, Warden Brian Williams, and James Dzurenda. (*Id.* at 1-3). Plaintiff alleges two counts and seeks monetary damages. (*Id.* at 5, 9).

Plaintiff's two counts are based on two different convictions and sentences. (*Id.* at 4-5). For each sentence, Plaintiff alleges that the Nevada Department of Corrections did not apply NRS § 209.4465(7)(b) to his minimum term. (*Id.*) That statute concerns the application of statutory credits to determine the date when a person becomes eligible for

parole. Plaintiff alleges that the failure to apply NRS § 209.4465(7)(b) to his sentences forced him to stay in prison longer. (*Id.*) He alleges that this violated his rights to due process and equal protection in violation of NRS § 209.4465(7)(b). (*Id.*)

**A. *Heck* Bar And Parole**

As an initial matter, the Court must determine if Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the period of confinement has already been invalidated. *Id.* Accordingly, a prisoner usually may not use § 1983 to challenge the *duration* of confinement by seeking a determination that he is entitled to immediate release or a speedier release from imprisonment. *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013).

A Plaintiff may only assert a Section 1983 due process claim (rather than a habeas claim) in the parole context in very limited circumstances. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (explaining that a prisoner may challenge procedures used in parole hearing under § 1983 provided he does not seek "immediate or speedier release" and does not seek to invalidate the basis or duration of his confinement); *see also Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (noting that a federal due process claim in parole

1 context requires only that prisoner be provided with an opportunity to be heard and a
2 statement of the reasons why parole was denied).

3 In this case, the Court finds that Plaintiff is clearly challenging the duration of his
4 confinement. In both counts he alleges due process (and equal protection)[1] claims arising
5 from the misapplication of Nevada statutes which led to him having to "stay in prison
6 longer." He seeks monetary damages—and not prospective or injunctive relief—based
7 upon the "hardship" of the alleged improper extension of his period of confinement.
8 Plaintiff's claims therefore clearly implicate the length of his confinement and success on
9 his claims would directly undermine the validity of the duration of his confinement.
10 Plaintiff's prior conviction(s), which served as the basis for his confinement, have not been
11 overturned or invalidated.

**III.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Clerk of the Court shall file the complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

**IT IS FURTHER ORDERED** that Counts I and II are barred under *Heck* and dismissed.

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

**IT IS FURTHER ORDERED** that the motion to compel (ECF No. 4) is denied as moot.

/ / /
/ / /
/ / /

---

[1] Plaintiff alleges no basis for an equal protection claim.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and close this case.

DATED: August 13, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE